IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|                              |     |                                 |
|------------------------------|-----|---------------------------------|
| ERIC ARCHIE,                 | )   |                                 |
|                              | )   |                                 |
|    Plaintiff, | )   |                                 |
|                              | )   |                                 |
| v.                           | )   | CIVIL ACTION NO. 12-0046-CG-M   |
|                              | )   |                                 |
| FRANK COCKRELL BODY SHOP,    | )   |                                 |
| INC.,                        | )   |                                 |
|                              | )   |                                 |
|    Defendant. | )   |                                 |

## ORDER

This matter is before the Court on the Plaintiff's appeal, (Doc. 22), of the

Magistrate Judge's order, (Doc. 21), denying the Defendant's motion to compel

discovery responses to its interrogatories, (Doc. 18).  Upon consideration of the

record, and for the following reasons, this court **AFFIRMS** the Magistrate Judge's

Order.

### I.  Standard of Review of Magistrate Judge's Discovery Ruling

A Magistrate Judge's discovery ruling is a final decision that is not subject to

*de novo* review, as is a Report and Recommendation.  See Merritt v. Int'l Bhd. of

Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981).[1]  Instead, such decisions are

subject to a "clearly erroneous or contrary to law" standard—one which is

---

[1]   All cases decided by the former Fifth Circuit before October 1, 1981, are binding
precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209
(11th Cir. 1981) (en banc).

"extremely deferential." See 28 U.S.C. § 636(b)(1)(A) (2006); accord Fed. R. Civ. P.

72(a); SD ALA LR 72.3(c).  "Relief is appropriate under the clearly erroneous prong

of the test only if the district court finds that the Magistrate Judge abused his

discretion or, if after viewing the record as a whole, the Court is left with a definite

and firm conviction that a mistake has been made." Pigott v. Sanibel Dev., LLC,

2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (internal quotation marks

omitted).  A ruling is "contrary to law when it fails to apply or misapplies relevant

statutes, case law or rules of procedure." Id.

## II.    Discussion

Plaintiff raises two issues on appeal.  First, he contends that Magistrate

Judge Milling's decision to amend the Rule 16(b) scheduling order by increasing the

limit on the number of interrogatories from 30 to 45 was both clearly erroneous and

contrary to law.  (Doc. 22 at 2-4.)  Second, Plaintiff asserts that Federal Rule of Civil

Procedure 37(a)(5)(B) required Magistrate Judge Milling to award Plaintiff his

reasonable expenses, including attorneys fees, incurred in responding to

Defendant's motion to compel.  (Id. at 4.)  The Court will briefly address each issue

in turn.

As to the first issue, Plaintiff's argument rests on the faulty premise that a

Magistrate Judge cannot amend a scheduling order *sua sponte*.  Plaintiff cites no

law in support of that proposition.  Though it has no obligation to take on Plaintiff's

burden to bolster his arguments, see Vision Bank v. Merritt, 2010 WL 5474161, at

*4 (S.D. Ala. Dec. 8, 2010) (citing Fed. Ins. Co. v. Cnty. of Westchester, 921 F. Supp.

1136, 1139 (S.D.N.Y. 1996) ("Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk.")), the Court has searched in vain for any authority within the Eleventh Circuit that might deprive a magistrate judge from amending a scheduling order that he entered.  The Federal Rules state only that such an order may be modified "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Without further limitation, the Local Rules of this Court authorize magistrate judges to modify scheduling orders in all actions referred to them.  SD ALA LR 16.1(a).  Whereas Plaintiff has failed to show that the Magistrate Judge misapplied any relevant statute, case law, or procedural rule, Magistrate Judge Milling's *sua sponte* amendment of his scheduling order was not contrary to law.

Additionally, the Magistrate Judge did not abuse his discretion by authorizing both parties to serve on each other 45, rather than 30, interrogatories without first requiring the parties to make "particularized showings."  (Doc. 22 at 3 n.1.)  As the United States Supreme Court has acknowledged, "[o]n its own motion, the trial court 'may alter the limits in the Federal Rules on the number of . . . interrogatories.'"  Crawford-El v. Britton, 523 U.S. 574, 598-99 (1998) (quoting Fed. R. Civ. P. 26(b)(2)) (internal brackets omitted).  Again, Plaintiff has not cited any authority to support his implied argument that once the court exercises its discretion to set the number of interrogatories allowed that it may not revisit that decision in the absence of a request by the parties.  Furthermore, it appears that, by

selectively answering some of Defendant's interrogatories,[2] Plaintiff has waived any objection he might have had to the number propounded.  See 8B Charles Alan Wright et al., Federal Practice & Procedure, Civil § 2168.1 n.20 (3d ed. 2010) ("When a party believes that another party has asked too many interrogatories, it should object to all the interrogatories or file a motion for a protective order.  It may not answer some and object to the ones to which it does not want to respond.").

Finally, the Court finds no error in the Magistrate Judge's decision to deny Plaintiff's request for fees.  Under Rule 37(a)(5)(B), if the court denies a motion to compel discovery, it must order the movant to pay reasonable fees to the party that successfully opposed the motion, unless "the motion was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action."  Maddow v. Procter & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted); see also Fed. R. Civ. P. 37 advisory

---

[2]   Though the parties have not put before the Court a complete copy of Plaintiff's interrogatory responses, Defendant reproduced certain of those responses in the body of its motion to compel.  (Doc. 18 at 2-8.)  Even on that limited record, the Court can determine that Plaintiff took it upon himself to pick and choose the interrogatories to which he would respond.  For example, in response to Discovery Requests 3, 7, and 9, Plaintiff objected that the request violated the limitation set forth in the Magistrate Judge's scheduling order but nonetheless provided some of the information demanded.  In response to Discovery Requests 8, 16, and 24, Plaintiff simply rested on his objection.  In response to Discovery Requests 1, 2, 12, and 18, Plaintiff stated no objection whatsoever and provided some, but not all, of the information Defendant sought.  A litigant may not treat a set of interrogatories like an a la carte menu and determine for itself which requests to honor and which to ignore.  See 7 James Wm. Moore et al., Moore's Federal Practice, § 33.30[1] (3d ed. 2003) (noting that it "would clearly be improper" for a responding party to "select[] the  interrogatories of its choosing to answer").

committee's note (substantial justification under Rule 37 is satisfied where there is a genuine issue concerning compliance with discovery obligations).  In denying both parties' requests for fees, the Magistrate Judge did not indicate whether he believed Defendant's motion to be substantially justified nor did he identify the circumstances that would make a fee award unjust.  However, given the deferential standard of review that this Court must apply to the Magistrate Judge's decision and the fact that Magistrate Judge Milling concluded that all of Defendant's interrogatories were relevant to the subject matter involved in this action," (Doc. 21 at 1), Plaintiff is not entitled to any relief from the order from which he appeals.

<u>**CONCLUSION**</u>

As set forth above, Plaintiff's Appeal of the Magistrate Judge's order on Defendant's Motion to Compel (Doc. 22) is hereby **DENIED**, and the Magistrate Judge's Order is **AFFIRMED**.

**DONE and ORDERED** this 17th day of September, 2012.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE